UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALI ABDI ALI,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN DOE 1 CORRECTIONS OFFICERS, et al.,<br><br>                    Defendants. | Case No. C16-264 TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Ali Abdi Ali, who is currently confined at the Coyote Ridge Corrections Center (CRCC), filed a 28 U.S.C. § 1983 civil rights complaint against two unidentified corrections officers and Sandra Courtway, an investigator at the King County Office of the Prosecuting Attorney.  The Court declined to serve the complaint due to several deficiencies but granted plaintiff leave to file an amended complaint.  Dkt. 11.  Plaintiff filed an amended complaint (Dkt. 12) but because the amended complaint suffers from the same deficiencies, the undersigned recommends this action be dismissed without prejudice for failure to state a claim.

### FACTS ALLEGED

In his original complaint, plaintiff alleged that on June 12 or 13, 2014, while he was an inmate at the King County Jail (KCJ), he was assaulted by another inmate and two unidentified corrections officers failed to assist him.  He alleged that the inmate broke his jaw, bashed his head into the floor, ruptured his kidney, and digitally raped him.  He alleged that an investigator told him she would help him with his tort claim, but that his claim was denied.  Dkt. 1 at 3-4.

REPORT AND RECOMMENDATION - 1

1 Plaintiff also stated that there is a grievance process available at the King County Jail, but that he
2 did not file a grievance because "there was no time for grievance." *Id.* at 2.

3    The Court advised plaintiff that his complaint was deficient and subject to dismissal
4 because he had not shown that he had properly exhausted his claims within the KCJ grievance
5 system before filing his complaint.  In fact, the Court's review of the King County Superior
6 Court records shows that Mr. Ali was booked at the end of May 2014 and sentenced August 22,
7 2014 for an assault.  After that sentencing, he was released, rearrested in October 2014, charged
8 with Robbery 1 and sentenced in April 2016.  Therefore, it appears that plaintiff's claim that he
9 had no time to grieve is not correct.

10    The Court also advised plaintiff that he failed to allege facts to show how Ms. Courtway
11 violated his constitutional rights as he had merely alleged that she was to help him with his tort
12 claim but that his tort claim was denied.  Finally, the Court advised plaintiff that because he had
13 named no defendants other than the investigator, he would need to provide a description of the
14 corrections officers whom he alleged failed to protect him from the sexual assault by the other
15 inmate. Dkt. 12.

16    In his amended complaint, plaintiff seeks to name additional defendants identified only
17 as "top officers and owners" of the KCJ who "let things like this happen." Dkt. 12 at 3.
18 However, he does not allege how any of these unknown persons were involved in violating his
19 constitutional rights.  As to whether he filed a grievance, plaintiff has now left that portion of his
20 amended complaint completely blank.  *Id*. at 2.  Plaintiff now states that he did not know
21 anything about filing a grievance and the only thing that "people told him about was a tort
22 claim." *Id*. at 3. With regard to Sandra Courtway, plaintiff now speculates that she failed to
23 assist him after his tort claim was denied because he was "African, Muslim and who knows her

REPORT AND RECOMMENDATION - 2

hidden reasons." *Id*.  Plaintiff seeks $1 million in damages.  *Id*.

**DISCUSSION**

To sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.     Exhaustion**

Plaintiff failed to exhaust his administrative grievances prior to bring this complaint and for this reason alone, this action should be dismissed.  Plaintiff indicated in his original complaint that there is a grievance process at the King County Jail but that he did not file a grievance because there was "no time."  However, the Court's review of the King County Superior Court records show that plaintiff's claim that he had no time to grieve is not correct.  When he was asked to provide further explanation, plaintiff now states that he did not know he was supposed to file a grievance and that he pursued a tort claim instead.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies *before* bringing a § 1983 claim.  42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).  To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process.  *Id*.  Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm.  *Id.* at 1120.

The alleged conduct occurred on June 13, 2014.  As previously noted, plaintiff was booked at the end of May 2014 and sentenced August 22, 2014 for an assault.  After that

REPORT AND RECOMMENDATION - 3

sentencing, he was released, rearrested in October 2014, charged with Robbery 1 and sentenced in April 2016.  Therefore, it appears that plaintiff's claim that he had no time to grieve is not correct.  Therefore, this action should be dismissed without prejudice for failure to exhaust.

**B.     Claim Against Investigator**

Plaintiff names Sandra Courtway, who presumably is the investigator at the King County Prosecutor's office named within his complaint.  However, plaintiff alleges no facts as to how Ms. Courtway is alleged to have violated his constitutional rights.  He merely alleges that she was to help him with his tort claim but that his tort claim was denied.  In his amended complaint, he speculates that her failure to assist him may have been due to his race or religion, but he provides no facts to support these speculations.  In addition, he provides no facts from which it may be concluded that an employee of the King County's prosecutor's office owed plaintiff a duty to pursue a tort claim on his behalf after the claim had been denied.

**C.     Claim Against Top Officials and Owners**

Plaintiff also purports to sue the "top officials and owners" of the KCJ.  However, Section 1983 supervisory liability cannot be based on respondeat superior.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  A § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).  To state a claim against any individual defendant, plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63, (1999).  Because vicarious liability is inapplicable to a § 1983 suit, a plaintiff must plead that each government-

official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  There are no such allegations contained in plaintiff's amended complaint.

**CONCLUSION**

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect."  *Id*.  Plaintiff was given an opportunity to amend his complaint to cure the noted defects, but his amended complaint is similarly defective.  It appears likely that any amendment will remain subject to dismissal because he failed to exhaust his administrative remedies.

Therefore the Court recommends that this action be **DISMISSED without prejudice for failure to state a claim.**  A proposed order accompanies this Report and Recommendation.  Any objections to this Recommendation must be filed by **Monday, August 22, 2016.**  The Clerk should note the matter for **Wednesday, August 24, 2016**, as ready for the District Judge's consideration if no objection is filed.  If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections shall not exceed seven (7) pages.  The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the Honorable Thomas S. Zilly.

DATED this  2nd  day of August, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5